UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT FARMER,

    Plaintiff,

v.                                                                                       CASE NO. 3:14-cv-1071-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff alleges he became disabled on December 16, 2009. (Tr. 172, 176.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on April 22, 2013, at which Plaintiff was represented by an attorney. (Tr. 27-50.) The ALJ found Plaintiff not disabled from December 16, 2009 through May 16, 2013, the date of the decision.[2] (Tr. 9-22.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: lumbar and cervical spine disorders, status post remote

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 16, 19.)

[2] Plaintiff had to establish disability on or before December 31, 2012, his date last insured, in order to be entitled to a period of disability and DIB. (Tr. 9.)

fusions; right shoulder disorder status post partial tear; bursitis; tendonitis; carpal tunnel syndrome right worse than left; thyroid disorder; and depression. (Tr. 11.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work except, *inter alia*, Plaintiff had to "avoid overhead reaching tasks" and was "limited to routine, uninvolved tasks that [did] not require detailed decision-making." (Tr. 14.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from December 16, 2009 through May 16, 2013. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

I.   **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary

result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

**II.  Discussion**

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erred in relying on the testimony of the Vocational Expert ("VE") based upon a hypothetical question that did not match the ALJ's RFC. More specifically, although the RFC limited Plaintiff to "routine, uninvolved tasks *that do not require detailed decision-making*" (Tr. 14 (emphasis added)), the VE was asked to assume that Plaintiff would be limited only to "routine, uninvolved work activities" (Tr. 47). Plaintiff argues this error is not harmless because all three jobs identified by the VE—office helper, ticket taker, and cashier II—require detailed tasks.

Defendant concedes that the ALJ's hypothetical question to the VE did not precisely mirror the RFC, but asserts that the error is harmless. Defendant argues that a limitation to tasks that do not require detailed decision-making does

3

not affect Plaintiff's ability to perform the jobs identified by the VE because there is no indication that any of these jobs require detailed decision-making, as opposed to detailed but involved instructions.

The Court agrees with Defendant on this issue. The jobs of office helper and ticket taker have a reasoning level of 2, which requires a person to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles ("DOT") (4th ed. 1991) § 239.567-010, 1991 WL 672232 (office helper), § 344.667-010, 1991 WL 672863 (ticket taker). The job of cashier II has a reasoning level of 3, which requires a person to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT (4th ed. 1991) § 211.462-010, 1991 WL 671840 (cashier II). There is no indication that any of the jobs identified by the VE require detailed decision-making. Therefore, the ALJ's failure to include a limitation to tasks that do not require detailed decision-making in the hypothetical question is no more than a harmless error.

Plaintiff's second argument is that the ALJ erred by relying on the VE's testimony, which was inconsistent with the DOT, without obtaining an explanation

for the inconsistency, in accordance with SSR 00-4p.[3]  Plaintiff states that despite the ALJ's limitation in the RFC and the hypothetical question to no overhead reaching (Tr. 14, 47), all three jobs identified by the VE require frequent reaching.

Defendant responds that the ALJ fulfilled her responsibility under SSR 00-4p of asking the VE about any possible conflict between the VE's testimony and the information contained in the DOT.  Defendant explains that SSR 00-4p does not require an ALJ to independently investigate a VE's testimony or further interrogate a VE when the VE testifies that no inconsistency or conflict exists between the VE's testimony and the DOT.

At the hearing, the ALJ asked the VE whether her testimony was consistent with the DOT.  The VE's response was: "Yes, your honor, with the exception of whatever is not included in the DOT is based on 25 years of experience and vocational rehabilitation.  Includes interviewing claimant's [sic] about how work is performed and conducting labor market studies with employers."  (Tr. 49.)  Plaintiff's counsel did not object to the VE's testimony or offer any evidence controverting such testimony with respect to any reaching limitations.  In his brief, Plaintiff suggests that when there is a conflict between the VE's testimony and the DOT, the ALJ must obtain an explanation for the conflict before relying on the

---

[3]  Pursuant to SSR 00-4p: "When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled."

VE's testimony.  However, in the Eleventh Circuit, the ALJ is not required to do so, in light of *Jones v. Apfel*, 190 F.3d 1224 (11th Cir. 1999).  *See Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 939 n.4 (11th Cir. Apr. 19, 2011) (per curiam) ("To the extent SSR 00-4p conflicts with [*Jones v. Apfel*, 190 F.3d 1224 (11th Cir. 1999)], we are bound by *Jones*."); *see also Terwilliger v. Colvin*, 2013 WL 2251563, *12 (N.D. Fla. May 21, 2013) ("Although SSR 00-4p was promulgated after *Jones* was decided, it does not undo the *Jones* rule.").

In *Jones*, the Eleventh Circuit held that when there is a conflict between the VE's testimony and the DOT, "the VE's testimony 'trumps' the DOT . . . because the DOT 'is not the sole source of admissible information concerning jobs." 190 F.3d at 1229-30.  The court explained:

> The DOT itself states that it is not comprehensive.  It provides occupational information on jobs in the national economy, and it instructs "DOT users demanding specific job requirements [to] supplement th[e] data with local information detailing jobs within their community." . . . Additionally, the Code of Federal Regulations states that the SSA will take administrative notice of reliable job information available from various governmental and other publications, such as the DOT. *See* 20 C.F.R. § 404.1566(d)(1).  By this wording, the SSA itself does not consider the DOT dispositive.  As noted in the DOT, the ALJ should supplement the DOT data with local information detailing jobs in the regional community.  The VE provides this vital information. . . .  As such, we conclude that the VE's testimony is crucial to an ALJ's determination at step 5 of the sequential evaluation process.  Due to the significance of the VE's testimony, we . . . hold that an ALJ may rely solely on the VE's testimony.

*Id.* at 1230.  Therefore, to the extent there was a conflict between the VE's testimony and the DOT in this case, the ALJ did nor err in relying on the VE's

testimony.  Thus, Plaintiff's second argument is also rejected.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on November 6, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record